KDE:MEG/JS
F.#2018R01858

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 18 2020   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

TYSHAWN CORBETT,
    also known as "Reck,"
QAWON ALLEN,
    also known as "40" and "Phorty
    Wap,"
DESMONN BECKETT,
    also known as "Des,"
DEVON BRISTOL,
    also known as "D,"
MARLON BRISTOL,
    also known as "Marlo,"
ANDREW CAMPBELL,
    also known as "Phaze," and
QUANDEL SMOTHERS,
    also known as "Chucky,"

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **CR 20 213**

(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(d)(1), 924(j)(1), 1959(a)(1),
1959(a)(3), 1959(a)(5), 1962(d),
1963(a), 1963(m), 2261A(2)(B),
2261(b)(2), 3, 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

**DEARIE, J.**

**REYES, JR. M.J.**

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

### The Enterprise

1.      The Elite Assassin Millas ("E.A.M." or the "enterprise") was a "set," or subgroup, of the Bloods street gang.   E.A.M. was comprised of individuals residing in and around Brooklyn and the Bronx, New York, among other places.   Members and associates

of E.A.M. have engaged in drug trafficking and firearms trafficking, and have committed acts of violence, including acts involving murder and assault, as well as other crimes.

2.      E.A.M., including its leadership, membership and associates, constituted an "enterprise" as defined in Title 18, United States Code, Sections 1959(b)(2) and 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.   The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.      Members and associates of E.A.M. engaged in a series of violent feuds with rivals of E.A.M., including acts of retaliatory violence against those who were believed to be responsible for killing and attempting to kill members of E.A.M.   In connection with these feuds, members and associates of E.A.M. committed murder, shootings and assaults against their rivals, among other crimes.

4.      Members and associates of E.A.M. sold narcotics in and around Brooklyn, New York.   E.A.M. routinely held meetings at which enterprise members were expected to contribute money, often obtained through illicit means, to a "kitty" that was used to provide financial support to incarcerated enterprise members, among other uses.

5.      Members and associates of E.A.M. committed, and agreed, attempted and threatened to commit, acts of violence to protect fellow members and associates of the enterprise, to otherwise promote the standing and reputation of E.A.M. among rival groups, and to promote the standing and reputation of members of E.A.M.   These acts of violence included acts involving murder and assault.

## Purposes of the Enterprise

6.      The purposes of E.A.M. included the following:

(a)      Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations;

(b)      Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder;

(c)      Keeping victims and rivals in fear of the enterprise and its members and associates;

(d)      Enriching the members and associates of the enterprise through criminal activity, including narcotics trafficking and fraud; and

(e)      Concealing the activities of the enterprise from law enforcement.

## Methods and Means of the Enterprise

7.      Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

(a)      Members of the enterprise and their associates committed, attempted to commit and threatened to commit acts of violence, including acts involving murder and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations; and

(b)      Members of the enterprise and their associates used, attempted to use and conspired to use drug trafficking and fraud as means of obtaining money.

<u>The Defendants</u>

8.      The defendants TYSHAWN CORBETT, also known as "Reck,"

QAWON ALLEN, also known as "40" and "Phorty Wap," DEVON BRISTOL, also

known as "D," MARLON BRISTOL, also known as "Marlo," ANDREW CAMPBELL,

also known as "Phaze," and QUANDEL SMOTHERS, also known as "Chucky," were

members and associates of E.A.M. and participated in the operation and management of

the enterprise.

<u>COUNT ONE</u><br>(Racketeering Conspiracy)

9.      The allegations contained in paragraphs one through eight are realleged

and incorporated as if fully set forth in this paragraph.

10.     In or about and between 2006 and 2019, both dates being approximate

and inclusive, within the Eastern District of New York and elsewhere, the defendants

TYSHAWN CORBETT, also known as "Reck," QAWON ALLEN, also known as "40" and

"Phorty Wap," DEVON BRISTOL, also known as "D," MARLON BRISTOL, also known

as "Marlo," and QUANDEL SMOTHERS, also known as "Chucky," together with others,

being persons employed by and associated with E.A.M., an enterprise that engaged in, and

the activities of which affected, interstate and foreign commerce, did knowingly and

intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to

conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise

through a pattern of racketeering activity, as defined in Title 18, United States Code,

Sections 1961(1) and 1961(5).

11.     The pattern of racketeering activity through which the defendants TYSHAWN CORBETT, QAWON ALLEN, DEVON BRISTOL, MARLON BRISTOL and QUANDEL SMOTHERS, together with others, agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise consisted of (a) multiple acts indictable under (i) Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents), and (ii) Title 18, United States Code, Section 1029 (fraud and related activity in connection with access devices); (b) multiple acts involving murder, in violation of New York State Penal Law Sections 125.25, 110.00, 105.15 and 20.00; and (c) multiple offenses involving dealing in controlled substances, in violation of Title 21, United States Code, Sections 841, 843 and 846.   It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

### Notice of Enhanced Sentencing Concerning Count One

12.     On or about April 21, 2015, within the Eastern District of New York, the defendant TYSHAWN CORBETT, also known as "Reck," together with others, with intent to cause the death of Michael Tenorio, also known as "Nitty," did cause his death, contrary to New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1962(d) and 3551 et seq.)

### COUNT TWO
(Possessing a Firearm During a Drug Trafficking Crime)

13.     In or about and between 2006 and 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TYSHAWN CORBETT, also known as "Reck," QAWON ALLEN, also known as "40" and

"Phorty Wap," DEVON BRISTOL, also known as "D," MARLON BRISTOL, also known

as "Marlo," and QUANDEL SMOTHERS, also known as "Chucky," together with others,

did knowingly and intentionally use and carry one or more firearms during and in relation to

a drug trafficking crime, to wit: the crime charged in Count One, and did knowingly and

intentionally possess such firearms in furtherance of said drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

<u>COUNT THREE</u>
(Murder In-Aid-Of Racketeering – Michael Tenorio)

14.    The allegations contained in paragraphs one through eight are realleged

and incorporated as if fully set forth in this paragraph.

15.    At all times relevant to this Indictment, E.A.M., through its members

and associates, engaged in racketeering activity, as defined in Title 18, United States Code,

Sections 1959(b)(1) and 1961(1), that is, (a) acts indictable under Title 18, United States

Code, Sections 1028 (relating to fraud and related activity in connection with identification

documents) and 1029 (relating to fraud and related activities in connection with access

devices); (b) acts involving murder that are chargeable under the New York Penal Law and

punishable by more than one year in custody; and (c) offenses involving dealing in controlled

substances, in violation of Title 21, United States Code, Sections 841, 843 and 846.

16.    On or about April 21, 2015, within the Eastern District of New York,

the defendant TYSHAWN CORBETT, also known as "Reck," together with others, for the

purpose of maintaining and increasing position in E.A.M., an enterprise engaged in

racketeering activity, did knowingly and intentionally murder Michael Tenorio, also known

as "Nitty," in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 <u>et seq.</u>)

### COUNT FOUR
(Using, Carrying and Possessing Firearms)

17.    On or about April 21, 2015, within the Eastern District of New York,

the defendant TYSHAWN CORBETT, also known as "Reck," together with others, did

knowingly and intentionally use and carry one or more firearms during and in relation to a

crime of violence, to wit: the crime charged in Count Three, and did knowingly and

intentionally possess such firearms in furtherance of said crime of violence, one or more of

which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 2 and 3551 <u>et seq.</u>)

### COUNT FIVE
(Causing Death Through Use of a Firearm)

18.    On or about April 21, 2015, within the Eastern District of New York,

the defendant TYSHAWN CORBETT, also known as "Reck," together with others, in the

course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime

charged in Count Four, did knowingly and intentionally cause the death of a person through

the use of one or more firearms, which killing was murder as defined in Title 18, United

States Code, Section 1111(a), in that the defendant, together with others, with malice

aforethought, did unlawfully kill Michael Tenorio, also known as "Nitty," willfully,

deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 <u>et seq.</u>)

COUNT SIX
(Attempted Murder In-Aid-Of Racketeering – John Doe #1)

19.     The allegations contained in paragraphs one through eight and 15 are realleged and incorporated as if fully set forth in this paragraph.

20.     On or about March 7, 2016, within the Eastern District of New York, the defendant TYSHAWN CORBETT, also known as "Reck," together with others, for the purpose of maintaining and increasing position in E.A.M., an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #1, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

COUNT SEVEN
(Assault In-Aid-Of Racketeering – John Doe #1)

21.     The allegations contained in paragraphs one through eight and 15 are realleged and incorporated as if fully set forth in this paragraph.

22.     On or about March 7, 2016, within the Eastern District of New York, the defendant TYSHAWN CORBETT, also known as "Reck," together with others, for the purpose of maintaining and increasing position in E.A.M., an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #1 with a dangerous weapon, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT EIGHT
(Using, Carrying and Possessing Firearms)

23.    On or about March 7, 2016, within the Eastern District of New York,

the defendant TYSHAWN CORBETT, also known as "Reck," together with others, did

knowingly and intentionally use and carry one or more firearms during and in relation to one

or more crimes of violence, to wit: the crimes charged in Counts Six and Seven, and did

knowingly and intentionally possess such firearms in furtherance of said crimes of violence,

one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT NINE
(Conspiracy to Commit Murder In-Aid-Of Racketeering – John Doe #1)

24.    The allegations contained in paragraphs one through eight and 15 are

realleged and incorporated as if fully set forth in this paragraph.

25.    In or about and between February 2018 and June 28, 2018, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants TYSHAWN CORBETT, also known as "Reck," DEVON BRISTOL, also known

as "D," and MARLON BRISTOL, also known as "Marlo," together with others, for the

purpose of maintaining and increasing position in E.A.M., an enterprise engaged in

racketeering activity, did knowingly and intentionally conspire to murder John Doe #1, in

violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT TEN
(Interstate Stalking – John Doe #1)

26.     On or about and between February 26, 2018 and June 28, 2018, both

dates being approximate and inclusive, within the Eastern District of New York and

elsewhere, the defendants TYSHAWN CORBETT, also known as "Reck," DEVON

BRISTOL, also known as "D," and MARLON BRISTOL, also known as "Marlo," together

with others, did knowingly and intentionally use one or more interactive computer services,

electronic communication services, electronic communication systems of interstate

commerce and other facilities of interstate commerce to engage in a course of conduct that

caused, attempted to cause and would be reasonably expected to cause substantial emotional

distress to John Doe #1, with the intent to kill, injure and place under surveillance with the

intent to kill and injure John Doe #1.

(Title 18, United States Code, Sections 2261A(2)(B), 2261(b)(2), 2 and

3551 et seq.)

## COUNT ELEVEN
(Attempted Murder In-Aid-Of Racketeering – John Doe #2)

27.     The allegations contained in paragraphs one through eight and 15 are

realleged and incorporated as if fully set forth in this paragraph.

28.     On or about June 10, 2018, within the Eastern District of New York,

the defendant TYSHAWN CORBETT, also known as "Reck," together with others, for the

purpose of maintaining and increasing position in E.A.M., an enterprise engaged in

racketeering activity, did knowingly and intentionally attempt to murder John Doe #2, an

individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT TWELVE
(Using, Carrying and Possessing Firearms)

29.     On or about June 10, 2018, within the Eastern District of New York, the defendant TYSHAWN CORBETT, also known as "Reck," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Eleven, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Attempted Murder In-Aid-Of Racketeering – John Doe #1)

30.     The allegations contained in paragraphs one through eight and 15 are realleged and incorporated as if fully set forth in this paragraph.

31.     On or about June 28, 2018, within the Eastern District of New York, the defendant TYSHAWN CORBETT, also known as "Reck," together with others, for the purpose of maintaining and increasing position in E.A.M., an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #1, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Assault In-Aid-Of Racketeering – John Doe #1)

32.     The allegations contained in paragraphs one through eight and 15 are realleged and incorporated as if fully set forth in this paragraph.

33.     On or about June 28, 2018, within the Eastern District of New York, the defendant TYSHAWN CORBETT, also known as "Reck," together with others, for the purpose of maintaining and increasing position in E.A.M., an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #1 with a dangerous weapon, in violation of New York Penal Law Sections 120.05(2) and 20.00, and assault John Doe #1 resulting in serious bodily injury, in violation of New York Penal Law Sections 120.05(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT FIFTEEN
(Using, Carrying and Possessing Firearms)

34.     On or about June 28, 2018, within the Eastern District of New York, the defendant TYSHAWN CORBETT, also known as "Reck," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Thirteen and Fourteen, and did knowingly and intentionally possess such firearms in furtherance of said crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT SIXTEEN
(Accessory After The Fact –Attempted Murder In-Aid-of Racketeering of John Doe #1)

35.     The allegations contained in paragraphs one through eight and 15 are realleged and incorporated as if fully set forth in this paragraph.

36.     On or about June 28, 2018, within the Eastern District of New York, the defendant DESMONN BECKETT, also known as "Des," knowing that one or more offenses against the United States, to wit: the crimes charged in Counts Thirteen and Fourteen, had been committed, did knowingly and intentionally receive, relieve, comfort and assist the offender in order to hinder and prevent the offender's apprehension, trial and punishment.

(Title 18, United States Code, Sections 3 and 3551 et seq.)

## COUNT SEVENTEEN
(Conspiracy to Commit Murder In-Aid-Of Racketeering – John Doe #2)

37.     The allegations contained in paragraphs one through eight and 15 are realleged and incorporated as if fully set forth in this paragraph.

38.     On or about and between July 21, 2018 and July 28, 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QAWON ALLEN, also known as "40" and "Phorty Wap," and ANDREW CAMPBELL, also known as "Phaze," together with others, for the purpose of maintaining and increasing position in E.A.M., an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder John Doe #2, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT EIGHTEEN
### (Attempted Murder In-Aid-Of Racketeering – John Doe #2)

39.     The allegations contained in paragraphs one through eight and 15 are realleged and incorporated as if fully set forth in this paragraph.

40.     On or about July 28, 2018, within the Eastern District of New York, the defendant QAWON ALLEN, also known as "40" and "Phorty Wap," together with others, for the purpose of maintaining and increasing position in E.A.M., an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #2, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT NINETEEN
### (Assault In-Aid-Of Racketeering – John Doe #2)

41.     The allegations contained in paragraphs one through eight and 15 are realleged and incorporated as if fully set forth in this paragraph.

42.     On or about July 28, 2018, within the Eastern District of New York, the defendant QAWON ALLEN, also known as "40" and "Phorty Wap," together with others, for the purpose of maintaining and increasing position in E.A.M., an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #2 with a dangerous weapon, in violation of New York Penal Law Sections 120.05(2) and 20.00, and assault John Doe #2 resulting in serious bodily injury, in violation of New York Penal Law Sections 120.05(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT TWENTY
(Possessing, Brandishing and Discharging a Firearm During a Crime of Violence)

43.     On or about July 28, 2018, within the Eastern District of New York, the defendant QAWON ALLEN, also known as "40" and "Phorty Wap," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Eighteen and Nineteen, and did knowingly and intentionally possess such firearms in furtherance of said crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

44.     The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), which requires any person convicted of such offense to forfeit: (a) any interest the person acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

45.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO, FOUR, FIVE, EIGHT, TWELVE, FIFTEEN AND TWENTY

46.     The United States hereby gives notice to the defendants charged in Counts Two, Four, Five, Eight, Twelve, Fifteen and Twenty that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924.

47.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))


A TRUE BILL

_____
FOREPERSON


_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK