```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X

UNITED STATES OF AMERICA,
                                          CRIMINAL PRETRIAL
                                          SCHEDULING ORDER
           - against -                    20-CR-213 (KAM)

TYSHAWN CORBETT, et al.,

                    Defendants.

-------------------------------X
```

The defendants in the above captioned criminal case having interposed a plea of not guilty, the parties are directed:

1. To **APPEAR** with counsel ready to **SELECT A JURY** and **TO TRY THE CASE in the Ceremonial Courtroom or other courtroom that may be designated by the court** and to have available witnesses and exhibits on **August 1, 2022** at **9:00 a.m.** in the United States District Courthouse, 225 Cadman Plaza East, Brooklyn, New York.[1]

2. To **SERVE AND FILE VIA ECF ALL GOVERNMENT AND DEFENSE PRETRIAL MOTIONS**, except motions that were previously scheduled (whether or not they were served and filed), including, but not limited to, FRE 404(b) motions and motions *in limine*, which are capable of determination before the trial of the general issues, in writing, according to the following schedule:  all parties' **motion papers** shall be filed by **March 18, 2022**; all parties' **opposition papers** shall be filed by **April 1, 2022**; all parties' **reply papers** shall be filed by **April 8, 2022**.  Oral argument for these motions will be scheduled at the request of the parties at a date mutually convenient to the court and the parties.  The parties shall also provide two courtesy copies of all motion papers to chambers.

3. **No later than June 17, 2022**, each party shall **SERVE AND FILE VIA ECF,** or the parties shall jointly file via ECF, and provide two courtesy copies to chambers of:

   (i)   a LIST OF EXHIBITS and a LIST OF WITNESSES, including, with respect to any expert witness, a

---

[1] The courtroom or courtrooms where any future hearing will take place shall be provided in advance of the hearing except where already provided in this order.

       description of qualifications and a summary of expected testimony;

(ii)    a LIST OF PERSONS, including ATTORNEYS; CORPORATIONS; INSTITUTIONS; PLACES; and SCIENTIFIC, TECHNICAL, or COLLOQUIAL TERMS that will be present or referred to by counsel or witnesses during the trial, for the use of the court in questioning prospective jurors and to assist the court reporter in recording the proceedings;

(iii)    VOIR DIRE requests;

(iv)    PROPOSED VERDICT FORMS, SPECIAL VERDICT FORMS, AND PROPOSED SPECIAL INTERROGATORIES, if applicable;

(v)    REQUESTS TO CHARGE OR ANY OBJECTIONS to same; and

(vi)    ANY STIPULATIONS OF FACT OR NOTICES OF OBJECTIONS to authenticity of documents.

4.    The parties shall **APPEAR** with counsel who is to try the case at a **FINAL PRETRIAL CONFERENCE** on **July 29, 2022 at noon** in **Courtroom 6C South** on the 6th Floor, United States District Courthouse, 225 Cadman Plaza East, Brooklyn, New York. All matters required as preliminary to the hearing of pretrial motions, including the making of formal and informal requests for discovery and the giving of notice of specified defenses or as to the use of specified evidence, shall be made pursuant to the schedule described in paragraph 2, so as to permit said motions to be decided.

(a)    **Before the pretrial conference**, each party shall:

(i)    PHYSICALLY MARK for identification (*e.g.*, GX. $1^{ID}$, DX $A^{ID}$ followed by the docket number) each item of physical or documentary EVIDENCE which the party intends to offer in evidence at trial, including any learned treatises or publications

2

>   >   to be introduced pursuant to Federal Rule of Evidence 803(18);[2]
>
>   (ii) If TRANSCRIPTS are to be used either as substantive evidence or aids to the jury, a single copy shall be appropriately marked by all parties to indicate (i) portions to be read, and (ii) portions objected to; and
>
>   (iii) Make every effort to enter into STIPULATIONS OF FACT, including stipulations as to the authenticity of all documents intended to be offered in evidence at trial, and to give notice as to all objections to authenticity so as to permit the adversary to have available at trial all necessary foundation witnesses.
>
> (b) **At the final pretrial conference on July 29, 2022 at noon**, each party shall bring two sets of all exhibits marked for identification, including a table of contents, and any disc upon which the exhibits have been recorded in digital form, if the party intends to present the evidence at trial digitally, for inspection.

6. Counsel for the government is directed to attend the final pretrial conference with material required to be produced at trial pursuant to 18 U.S.C. § 3500, appropriately marked for identification (*e.g.*, GX 3500-1[ID]), and either make such material available to defendants (along with two courtesy copies for chambers) or put on the record the reasons for withholding the material until a later date.  The government may produce § 3500 materials in advance of the final pretrial conference.

7. Defendants in a criminal case are required to appear at all stages of the proceedings, including the return dates of

---

[2]  If any party wishes to present marked exhibits to the jury in digital form, the parties are directed to meet with the Chief Deputy Clerk for Automation Services and my case manager at least 21 days prior to the commencement of the trial to review the available equipment in the courtroom where the trial shall take place, for the presentation of digital evidence and to determine what equipment the court can provide and what equipment the parties must provide.  Counsel should be accompanied by the audio-visual personnel who will be operating any equipment that will be used at trial.  By no later than **July 22, 2022**, the parties shall file a confirmation in writing via ECF that this meeting has occurred and shall include a general outline of the understandings reached.

motions, hearings, pretrial conferences, and trial, unless excused by the court with the consent of the government. Failure to comply with this provision may result in revocation of bail, if bail has been granted.

8. If any defendant is not a citizen of the United States, defense counsel shall, within 10 days of this order, advise the defendant of the provisions of Article 36(1)(b) of the Vienna Convention on Consular Relations and shall certify to the court and the government in writing filed via ECF that it has done so. If a defendant requests, counsel for the government is directed to comply forthwith with its obligations under that convention and submit, in writing, a statement certifying that it has done so.

SO ORDERED.

Dated:   December 2, 2021
         Brooklyn, New York

                                    /s/ Kiyo A. Matsumoto
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge
                                    Eastern District of New York